IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| iPARAMETRICS, LLC, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | FILE NO. 2:08-CV-56 |
| DANA MEIER, JON MEIER, and M3 COST MANAGEMENT SERVICES, INC., | : | |
| Defendants. | : | |

**<u>ORDER</u>**

On March 17, 2008, plaintiff filed a motion for a temporary restraining order ("TRO") or a preliminary injunction [2-1], seeking to enforce the terms of an employment agreement between the parties. This court held a hearing on plaintiff's motion on March 25, 2008. Because they had yet to acquire legal counsel, defendants moved for a continuance. The court orally agreed to continue the hearing until April 17, 2008, and entered a TRO enjoining defendants from violating their employment agreements.

On April 4, 2008, defendants filed emergency motions for arbitration, to dismiss, for a protective order, to remand to state court, and urged the court to consider Rule 11 sanctions against plaintiff [16-1]. On April 7, 2008, defendants

filed renewed motions for a protective order and to dismiss [18-1]. The court held a hearing to address all pending motions and the TRO on April 17, 2008. This order memorializes and explains the decisions of the court.

I.     **Factual Background**

Plaintiff, a Georgia limited liability company, provides engineering and construction-based services to private and government contractors and government agencies. On January 25, 2007, plaintiff hired defendant Dana Meier ("Meier") as Vice President of Business Development. (Pl.'s Compl. ¶ 8). Meier's primary job responsibility was the development of new customers for plaintiff. (Pl.'s Mot. Prelim. Inj. 5). The parties entered into an employment agreement, which contained non-disclosure and non-solicitation covenants effective for the term of the employment agreement and the subsequent two years. (Ex. A to Pl.'s Compl. 2). The agreement also mandated that Meier return all confidential information to plaintiff upon his termination or plaintiff's request. (Pl.'s Compl. ¶ 12).

Plaintiff initially employed defendant Jon Meier ("Jon Meier"), defendant's son, as an independent contractor. In March 2007, plaintiff hired Jon Meier as a full-time employee, and he signed a non-disclosure agreement on March 19, 2007,

which prohibited him from divulging confidential information or trade secrets of plaintiff. (Pl.'s Compl. ¶ 13).

On February 14, 2008, while still employed by plaintiff, Meier formed defendant M3 Cost Management Services, Inc. ("M3") and conducted business on behalf of M3 using plaintiff's resources. On March 3, 2008, Meier communicated to Paul Pelletier, one of plaintiff's owners, his intent to leave plaintiff's employ. He also indicated that Jon Meier would be leaving and that they planned to start their own business. (Pl.'s Mot. Prelim. Inj. 8).

Some time after Meier announced his intention to leave, Pelletier began reviewing the computer system to determine whether Meier was complying with the employment agreement and discovered evidence documenting his appropriation and destruction of numerous company files. (Pl.'s Mot. Prelim. Inj. 8-9). After counsel for plaintiff requested that he return plaintiff's information, Meier provided two external hard drives and one personal computer for plaintiff's review. (*Id*. at 15). At the March 28, 2008 hearing, Meier indicated that he returned all information to plaintiff and agreed to provide to plaintiff any and all personal computers, hard drives, or other computer media that ever contained trade secrets of plaintiff or its customers.

3

## II. Pending Motions

At the April 17, 2008 hearing, the court orally granted defendants' motion for arbitration. All parties agreed that defendant M3, though not subject to the arbitration provision, will participate in arbitration. Additionally, plaintiff and defendants Meier and M3 agreed to waive the sixty (60) day cooling off period mandated by the contract. Accordingly, the parties shall select a qualified arbitrator within ten (10) days, or, if unable to agree, shall request that the American Arbitration Association select an arbitrator.

Jon Meier declines to participate in future arbitration. As defendants have acknowledged, the court retains jurisdiction over plaintiff's claims against him. *See L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). At the hearing, the court denied defendants' request to parse plaintiff's claims and transfer those pertaining to Jon Meier to state court. Accordingly, plaintiff may begin discovery as to the claims against Jon Meier.

Defendants additionally argue that the court should dismiss this action due to the mandatory arbitration provision in Meier's employment agreement. Dismissal of an action is not the appropriate procedure when there is an enforceable arbitration agreement; accordingly, the court denies defendants'

motion to dismiss. *See Klay v. Pacificare Health Sys., Inc.*, 389 F.3d 1191, 1204 (11th Cir. 2004) ("Pursuant to Section 3 of the [Federal Arbitration Act], a district court shall stay a pending suit 'upon being satisfied that the issued involved in such suit or proceedings is referable to arbitration' under a valid arbitration agreement.") (quoting 9 U.S.C. § 3). The claims referred to arbitration are therefore stayed. As discussed above, plaintiff's claims against Jon Meier will proceed. *See id.* (noting that courts have discretion to stay nonarbitrable claims but generally refuse to do so "when it is feasible to proceed with the litigation.").

Defendants claim a protective order is necessary to prevent plaintiff from conducting discovery because the court lacks jurisdiction due to the arbitration provision. The arbitration provision, however, states that either party may seek injunctive relief in Georgia courts. Discovery related to injunctive relief is therefore appropriate. Accordingly, the court denies defendant's motion for a protective order.

### III. Conclusion

Accordingly, the court orders the following:

**a.** Defendants' motion for arbitration [16-1] is hereby **GRANTED**;

**b.**  Defendants' motion for remand of claims against Jon Meier to state court [16-1] is hereby **DENIED**;

**c.**  Defendants' motion to dismiss [16-1] is hereby **DENIED**;

**d.**  Defendants' motion for protective order [16-1] is hereby **DENIED**;

**e.**  To the extent defendants moved for sanctions under Rule 11 [16-1], that motion is hereby **DENIED**;

**f.**  Defendants' renewed motion for protective order [18-1] and renewed motion to dismiss [18-1] are hereby **DENIED**;

**g.**  The TRO shall continue in effect until the conclusion of arbitration or until further order of this court.

IT IS SO ORDERED, this 18th day of April, 2008.

s/*William C. O'Kelley*
WILLIAM C. O'KELLEY
Senior United States District Judge